# CIRCUIT COURT OF ROCKINGHAM COUNTY

Virginia Mutual Ins. Co.

v.

Dennis L. Dean

June 2, 1999

Case No. (Law) 11592

BY JUDGE JOHN J. MCGRATH, JR.

This case raises the interesting and persistent problem of whether § 38.2-2231 of the Code of Virginia (which mandates arbitration settlement of all claims made for automobile physical damages in disputes between automobile insurers) is a deprivation of the constitutional right to trial by jury.

This case started when Virginia Mutual Insurance Company, as the subrogee of its insured, filed a property damage action in General District Court against the operator of another insured automobile which was involved in a two-car accident.

The Defendant filed a Plea in Bar asserting that § 38.2-2231 of the Code of Virginia of 1950, as amended, was the exclusive remedy for property damage claims between automobile insurers. The General District Court sustained the Defendant's Plea in Bar and dismissed the action. Plaintiff filed a timely appeal to this Court.

In this Court, the Defendant has again filed his Plea in Bar alleging that § 38.2-2231 of the Code of Virginia, 1950, as amended, provides that arbitration is the exclusive remedy when two insurance carriers are involved in settling property damage claims.

Although the validity of the statute has been heavily litigated at the circuit court level, the issue has never come before a Virginia appellate court. Having reviewed all the cases, I find that the Honorable William Alexander,

II's opinion in *Bass v. Frances Young* (Cir. Ct. City of Danville 1996) is persuasive. Although I have serious reservations concerning the constitutionality of the statute if applied as drafted, I believe that a proper interpretation of the statute requires the Court to conclude that the Legislature intended that the remedy provided therein was in addition to and not in lieu of the ancient common law right of trial by jury.

Therefore, the Defendant's Plea in Bar is denied, and a praecipe should be filed to set this matter down for trial.

The Clerk is directed to send an attested copy of this Opinion and Order to Rose Marie Downs, Esq., counsel for Plaintiff, and to Mark D. Obenshain, Esq., counsel for Defendant.